IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN E. YERGER,<br><br>*Petitioner*,<br><br>v.<br><br>TINA WALKER, et al.,<br><br>*Respondents*. | Case No. 2:21-cv-01812-JDW |

### MEMORANDUM

Warren Yerger objects to Magistrate Judge Elizabeth Hey's Report and Recommendation ("R&R") recommending that I dismiss his Petition for a Writ of Habeas Corpus ("Petition") as untimely. I will adopt Judge Hey's R&R because, after review, I conclude that the R&R identifies the issues Mr. Yerger raised in his Petition, cites the correct standard of review, and applies that standard to the facts. I address Mr. Yerger's objections below.

I.   BACKGROUND

For purposes of this opinion, I adopt the factual recitation and procedural history in Judge Hey's R&R. In short, on December 22, 2014, a jury convicted Mr. Yerger of 158 counts related to child sex abuse. He is serving a sentence of 339 to 690 years' incarceration at SCI Fayette Correctional Institution in Pennsylvania. On May 7, 2021, Judge Jones referred Mr. Yerger's habeas Petition to Judge Hey for an R&R. Since then,

Mr. Yerger submitted several filings with Pennsylvania state courts and this Court, including an amended Petition for habeas relief. On August 21, 2024, Judge Hey issued her R&R and recommended that the Petition be dismissed as untimely. Mr. Yerger filed objections to the R&R on December 23, 2024. The District Attorney of Chester County responded to Mr. Yerger's objections on January 3, 2025, and the Objections are now ripe.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on an application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). With few exceptions, the limitations period begins "the date on which the [habeas petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The running of the AEDPA's statute of limitations is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim[.]" 28 U.S.C. § 2244(d)(2).

## III. DISCUSSION

### A. Timeliness

Mr. Yerger objects to Judge Hey's conclusion that his Petition is untimely, but none of his arguments overcomes the untimeliness of his submission.

*First*, Mr. Yerger contends that Judge Hey did not have his Third PCRA Petition or his Response To Notice Of Intent To Dismiss when she issued her R&R, and those

documents would have shown that the start date for his filing was later. He's wrong. Those documents are in the state court record.

*Second*, Mr. Yerger also contends that Judge Hey did not have the Appellant's Brief that he filed in the Pennsylvania Superior Court or his Petition For Allowance Of Appeal to the Pennsylvania Supreme Court. He's right that those documents do not appear in the state court record on the docket in this case. But it doesn't matter because those documents just repeat arguments that Judge Hey addressed. In his Superior Court brief, Mr. Yerger makes arguments about alleged newly discovered evidence concerning his wife and co-defendant being coerced to testify and about supposed violations of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Judge Hey addresses all of that in her R&R and concludes that because Mr. Yerger "was aware of the factual predicate of his claim at the time of trial, he is not entitled to the benefit of an alternative start date" for the statute of limitations. (ECF No. 31 at 12.) In his Petition, Mr. Yerger makes the same argument about his wife that he makes in his Superior Court brief. The Prothonotary's Office entered judgment noting that Mr. Yerger did not demonstrate new evidence, just like Judge Hey did. All of this demonstrates that the inadvertent exclusion of his appellate brief from the state court record didn't matter to the outcome. Nothing about these documents would have changed Judge Hey's analysis about the timeliness of his submission.

*Third*, Mr. Yerger argues that the Superior Court was wrong, so Judge Hey should not have relied on it. But Judge Hey didn't accept the Superior Court's analysis blindly.

She reviewed the evidence in the record and concluded that Mr. Yerger's claims are not timely. There's nothing wrong with that conclusion, and Mr. Yerger has not shown otherwise.

*Fourth*, Mr. Yerger appears to argue (embedded in his actual innocence argument) that equitable tolling should excuse his untimely filing. The timeliness provision in AEDPA is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 634 (2010). Equitable tolling only applies if the petitioner can show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See id.* at 649. A court should be sparing in its use of this doctrine. *See Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

Mr. Yerger lists miscellaneous reasons that have caused him difficulty throughout his case, like disputes with PCRA counsel, reliance on external organizations for assistance, lack of access to legal documents stored on a hard drive, dependence on other inmates for help due to his inability to type or understand the law, and restrictions from being in a special needs unit in prison. Most of these reasons, unfortunately, reflect common challenges faced by incarcerated individuals rather than extraordinary circumstances. With regard to the special needs unit assertion, Mr. Yerger has not provided evidence of any physical or mental condition impairing his ability to file in a timely manner. Therefore, Mr. Yerger fails to demonstrate why his circumstances forced him to file his Petition nearly

4

two years late, and no extraordinary circumstances are present. Thus, his Petition remains time barred.

### B.     Actual Innocence

Mr. Yerger asserts actual innocence to exempt him from the time bar. A successful claim of actual innocence will overcome the habeas statute of limitations period. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This requires the petitioner to supplement his claim with new, reliable evidence of factual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). As Judge Hey notes, the evidence on which Mr. Yerger bases his argument goes to the impeachability of one of the Commonwealth witnesses, Leslie Yerger. It does not establish his innocence. And Mr. Yerger knew about that evidence at the time of trial. Therefore, Mr. Yerger does not qualify for this exception and remains bound by the statutory deadline.

### C.     Certificate Of Appealability

A district judge should only issue a certificate of appealability if an applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253. When a court rejects a petition on procedural grounds, the certificate should issue if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. I conclude that jurists of reason would not find it debatable that Mr. Yerger's claims are

time-barred, that he is not entitled to equitable tolling, and that he has not offered evidence of actual innocence. I therefore will not issue a certificate of appealability.

## IV.   CONCLUSION

Mr. Yerger's objections lack merit. I will approve and adopt Judge Hey's R&R and overrule those objections. And I will not issue a certificate of appealability. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

February 13, 2025